IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

LEONARDO CAMPOS, JR.,              §
    TDCJ-CID NO. 1101849,          §
                                    §
v.                                §       C.A. NO. C-06-141
                                    §
NATHANIEL QUARTERMAN,             §
    DIRECTOR, TDCJ-CID.            §

## MEMORANDUM AND RECOMMENDATION
## ON RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division, and currently is incarcerated at the Connally Unit in Kenedy, Texas. Proceeding pro se, petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2254 on March 24, 2006. (D.E. 1). Respondent filed an answer on July 7, 2006. (D.E. 11). On August 17, 2006, petitioner filed a response to respondent's answer, in which he elaborated on his claims for habeas relief. (D.E. 15). On November 2, 2006, respondent filed a motion for summary judgment arguing that petitioner has failed to demonstrate that he is entitled to habeas relief. (D.E. 16). For the reasons stated herein, it is respectfully recommended that the respondent's motion for summary judgment be granted.

# I.  JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. § 2254, which provides that jurisdiction is proper where the inmate is confined, or where the conviction was obtained.  Wadsworth v. Johnson, 235 F.3d 959, 961-62 (5th Cir. 2000).  Petitioner was convicted by the 156th District Court in Bee County, Texas, and therefore, jurisdiction is proper in this Court.

# II.  BACKGROUND

## A.  Procedural Background.

Respondent has lawful custody of petitioner pursuant to a judgment of the 156th District Court, in cause number B-02-2058-0-CR-B, styled The State of Texas v. Leonardo Campos, Jr.  Ex parte Campos, App. No. WR-62,336-01.  In May 2002, a jury found him guilty of delivery of controlled substance, a second degree felony.  State v. Campos, Clerk's Record, at 90.[1]  After finding an enhancement allegation to be true, the jury sentenced him to thirty-five years in prison.  Id.

On December 18, 2003, the Thirteenth Court of Appeals of Texas affirmed his conviction.  Campos v. State, No. 13-02-359-CR, slip op. (Tex. App. 2003).

---

[1] The Clerk's Record will be designated as "C.R." with the page numbers following the designation.

2

On January 21, 2004, he filed a motion for rehearing with the Thirteenth Court of

Appeals of Texas, alleging that "[t]he court erred in holding that the record

contained evidence sufficient to corroborate the testimony of the confidential

informant." <u>Campos v. State</u>, No. 13-02-00359, Appellant's Motion for Rehearing.

The court denied his motion for rehearing on February 9, 2004. <u>Campos v. State</u>,

Case No. PD-0040-04, Petition for Discretionary Review, at 8. On April 5, 2004,

petitioner filed a Petition for Discretionary Review with the Texas Court of

Criminal Appeals. <u>Id.</u> His petition was refused on July 28, 2004. <u>Ex parte</u>

<u>Campos</u>, App. No. WR-62,336-01, at 3.

On March 22, 2005, petitioner filed an application for state writ of habeas

corpus. <u>Id.</u> at 10. The Texas Court of Criminal Appeals denied his application

without written order on February 1, 2006. <u>Id.</u> at cover. On March 24, 2006, he

filed this action. (D.E. 1, at 10).

## B. Factual Background.

The Thirteenth Court of Appeals of Texas summarized the facts underlying

petitioner's conviction as follows:

> Chief Deputy Edward D. Hons and Captain Danny
> Madrigal testified that Lila Garcia was a paid confidential
> informant for the Bee County Sheriff's Department. On
> June 16, 2001, Garcia met with Hons, Madrigal, and
> other officers to prepare for a covert drug purchase. The
> officers instructed Garcia to go to an address they

3

provided and buy an "8 ball" of cocaine. Hons and
Madrigal both knew [petitioner] and knew the location to
be his address. They searched Garcia before giving her
$140 in cash. They provided her with a pickup truck,
which they also had searched beforehand. Equipped with
a hidden transmitter and cell phone, Garcia drove to the
address. Equipped with a radio receiver and tape
recorder, the officers followed Garcia in another vehicle.
When Garcia arrived at the address, Hons noticed a
pickup truck in the driveway. He identified a photograph
of the pickup he saw that night and said it belonged to
[petitioner]. The officers parked a block away while
Garcia got out of her pickup. They listened to the
transmission but did not visually observe Garcia at the
location. Hons testified he recognized [petitioner's]
voice as it was being transmitted when Garcia first
arrived. Madrigal testified he identified [petitioner] as
the person talking with Garcia during the transmitted
conversations. Garcia twice left the location, then
returned. The officers followed her both times, speaking
with her by telephone and meeting with her away from
the location. Each time, they followed her back to the
location a few minutes later, keeping her pickup in sight
at all times. After the third visit to the location, the
officers followed Garcia when she left, again keeping her
in sight, and met with her about a mile away. She handed
Hons a package. Laboratory tests revealed that the
substance Garcia turned over to Hons weighed 1.22
grams and contained cocaine.

     Garcia testified that she knew [petitioner] and that
he lived at the address to which the officers directed her.
She also identified [petitioner's] pickup truck as being in
the driveway when she got there. She testified she asked
[petitioner] if she could buy an 8 ball of cocaine. She
said [petitioner] quoted a price of $140 and told her to
leave and come back in ten or fifteen minutes. Garcia
gave [petitioner] the money, counting aloud as she
handed it to him for purposes of the audiotape, and left.

> When she returned [petitioner] again told her to come
> back in a few minutes.  When Garcia returned the next
> time, [petitioner] gave her what Garcia believed to be an
> 8 ball of cocaine.  Garcia then drove to meet Hons and
> the other officers.  She gave the 8 ball to Hons.

Campos v. State, No. 13-02-359-CR, slip op. at 3-5 (Tex. App. 2003).  The police

made an audiotape of the transaction between the undercover informant and

petitioner, but it was not admitted at trial because it was inaudible.  State v.

Campos, B-02-2058-0-CR-B-1, Reporter's Record, Volume 3, at 71.[2]  Based on the

above testimony, the jury convicted petitioner of delivery of a controlled

substance.  C.R. at 90.

### III.  PETITIONER'S ALLEGATIONS

Petitioner raises the following claims in his petition:

(1) the evidence against petitioner was insufficient to sustain a conviction,

(D.E. 1, at 7, 9);

(2) he received ineffective assistance of counsel at both the trial and

appellate levels because:

(a) trial counsel failed to object to improper testimony by the officer

who identified petitioner's voice on the audiotape, id. at 7;

---

[2] The Reporter's Record will be designated as "R.R." with the volume number before the
designation, and the page numbers following the designation.

(b) trial counsel failed to make a timely objection to inadmissible evidence, id.;

(c) trial counsel failed to call material witnesses and effectively cross-examine witnesses, id.;

(d) trial counsel failed to properly investigate the case, id.;

(e) trial counsel failed to object to improper statements made by the prosecutor, id.; and

(f) appellate counsel failed to raise reversible errors, id. at 8; and

(3) his due process rights were violated because of misconduct by the prosecutor, id. at 7.

## IV.  EXHAUSTION OF STATE COURT REMEDIES

A federal writ of habeas corpus from an inmate in state custody shall not be granted unless the inmate has exhausted his remedies at law in the state courts, or there is an absence of state court remedies or circumstances that render state remedies insufficient to protect the individual's rights.  28 U.S.C. § 2254(b)(1); Fisher v. Texas, 169 F.3d 295, 302 (5th Cir. 1999) (citation omitted).  Respondent does not dispute that petitioner exhausted his state court remedies before filing this petition.

# V.  STANDARD OF REVIEW

**A.      Federal Habeas Corpus Standard of Review Pursuant to the AEDPA.**

A federal writ of habeas corpus is available to a state prisoner only if he is being held in violation of the Constitution, laws, or treaties of the United States. Boyd v. Scott, 45 F.3d 876, 881 (5th Cir. 1994) (per curiam).  Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which is applicable to habeas petitions filed after its effective date, "federal habeas relief is only merited where the state court decision is both incorrect *and* objectively unreasonable."  Morrow v. Dretke, 367 F.3d 309, 313 (5th Cir. 2004) (emphasis in original) (citing Williams v. Taylor, 529 U.S. 362, 411 (2000)); see also 28 U.S.C. § 2254(d)(1); Riddle v. Cockrell, 288 F.3d 713, 716 (5th Cir. 2002).  The AEDPA's provisions "ensure that state-court convictions are given effect to the extent possible under law."  Bell v. Cone, 535 U.S. 685, 693 (2002) (citation omitted).

The Supreme Court has concluded that the "contrary to" and "unreasonable application" clauses of 28 U.S.C. § 2254(d)(1) have independent meanings.  Id. at 694 (citing Williams, 529 U.S. at 404-05).  The Bell Court explained:

> A federal court may issue the writ under the "contrary to"
> clause if the state court applies a rule different from the
> governing law set forth in our cases, or if it decides a
> case differently than we have done on a set of materially

> indistinguishable facts.  The court may grant relief under
> the "unreasonable application" clause if the state court
> correctly identifies the governing legal principles but
> unreasonably applies it to the facts of the particular case.
> The focus of the latter inquiry is on whether the state
> court's application of clearly established federal law is
> objectively unreasonable, and we stressed in *Williams*
> that an unreasonable application is different from an
> incorrect one.

Id. (citations omitted).

The Fifth Circuit has held that federal courts may not grant a writ of habeas

corpus merely on the finding of an error by a state court, but rather only where a

"state court arrives at a conclusion opposite to that reached by [the Supreme Court]

on a question of law or if the state court decides a case differently than [the

Supreme] Court on a set of materially indistinguishable facts."  Hill v. Johnson,

210 F.3d 481, 485 (5th Cir. 2000) (citation omitted).  A federal habeas court is to

review only a state court's decision, and not the written opinion explaining its

decision.  Anderson v. Johnson, 338 F.3d 382, 390 (5th Cir. 2003).  The state

court's "ultimate decision" is to be tested for reasonableness, "not every jot of its

reasoning."  Santellan v. Cockrell, 271 F.3d 190, 193 (5th Cir. 2001). Furthermore,

a state court need not cite, or "even be aware of [Supreme Court] precedents, 'so

long as neither the reasoning nor the result of the state-court decision contradicts

them.'"  Mitchell v. Esparza, 540 U.S. 12, 16 (2003) (quoting Early v. Packer, 537

8

U.S. 3, 8 (2002)).

Absent a direct conflict with Supreme Court authority, habeas relief is only available if a state court decision is unreasonable. Montoya v. Johnson, 226 F.3d 399, 404 (5th Cir. 2000). A federal district court "must reverse when [that court] conclude[s] that the state court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be 'unreasonable.'" Gardner v. Johnson, 247 F.3d 551, 560 (5th Cir. 2001). The focus of the "unreasonable application" test of § 2254(d) is "on the ultimate legal conclusion that the state court reached and not on whether the state court considered and discussed every angle of evidence." Neal v. Puckett, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) (per curiam).

Finally, "[t]he AEDPA requires that [the Court] presume correct the state court's findings of fact unless the petitioner 'rebut[s] the presumption of correctness by clear and convincing evidence.'" Morrow, 367 F.3d at 315 (quoting 28 U.S.C. § 2254(e)(1)); see also Jackson v. Johnson, 150 F.3d 520, 524 (5th Cir. 1998). The presumption of correctness is accorded to adjudications made by a state court during review of a petitioner's state petition for habeas corpus relief. See Morrow, 367 F.3d at 315. The burden to rebut the presumption of correctness remains on petitioner even if the state "hearing was a 'paper' hearing and may not

have been full or fair." Id. (citing Valdez v. Cockrell, 274 F.3d 941, 950-51 (5th

Cir. 2001)).  The Fifth Circuit has stated that the presumption of correctness also

applies to mixed questions of law and fact.  Valdez, 274 F.3d at 948 n.11 ("The

presumption of correctness not only applies to explicit findings of fact, but it also

applies to those unarticulated findings which are necessary to the state court's

conclusions of mixed law and fact.") (citations omitted).  Findings of fact may be

implied from conclusions of law.  See Goodwin v. Johnson, 132 F.3d 162, 183-84

(5th Cir. 1997).

**B.      Motion for Summary Judgment Standard of Review.**

Rule 56 of the Federal Rules of Civil Procedure applies to federal habeas

corpus cases.  Clark v. Johnson, 202 F.3d 760, 764 (5th Cir. 2000).  Summary

judgment is appropriate when there is no disputed issue of material fact, and one

party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  A court

must consider the record as a whole by reviewing all pleadings, depositions,

affidavits, and admissions on file, and by drawing all reasonable inferences in

favor of the party opposing the motion.  Caboni v. Gen. Motors Corp., 278 F.3d

448, 451 (5th Cir. 2002).

The party seeking summary judgment bears the initial burden of informing

the court of the basis for its motion and identifying those portions of the pleadings,

depositions, answers to interrogatories, admissions on file, and affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988).  The controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party.  Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that summary judgment is not appropriate.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fields v. City of S. Houston , 922 F.2d 1183, 1187 (5th Cir. 1991).  The non-movant cannot rest on the mere allegations of the pleadings to sustain his burden, but must set forth material controverted facts in the response to the motion for summary judgment. Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).  Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof.  ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995); Celotex, 477 U.S. at 322-23.

## VI.  DISCUSSION

**A.      Application of AEDPA's Deference to Petitioner's Claim.**

The Texas courts have already considered and rejected petitioner's claims. Ex parte Campos, App. No. WR-62,336-01, at cover.  The claims that petitioner is pursuing in this petition were raised in his state habeas corpus application.  Id. at 2-66; (D.E. 1, at 7-8).  The Texas Court of Criminal Appeals denied his state habeas application without written order.  Id. at cover.  This denial of petitioner's application, even though it does not contain a written opinion, is not silent or ambiguous.  See Ex parte Torres, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (holding a "denial" signifies an adjudication on the merits).  It is a decision on the merits and is entitled to the AEDPA's deference.  28 U.S.C. § 2254(d); see also Neal v. Puckett, 239 F.3d 683, 686 (5th Cir. 2001) (in the context of federal habeas proceedings, "adjudication 'on the merits' is a term of art that refers to whether a court's disposition of the case was substantive").

Thus, deference to the state court decision is mandated by § 2254(d).  See Morrow, 367 F.3d at 313.  Petitioner is not entitled to federal habeas relief unless he can demonstrate that the state court's adjudication on his claims was "contrary to, or involved an unreasonable application, of clearly established federal law" or was "based on an unreasonable determination of the facts."  28 U.S.C. § 2254(d).

12

**B.     Petitioner's Claim of Insufficient Evidence.**

Petitioner claims that his constitutional right to due process has been violated because the evidence against him is insufficient to sustain his conviction. He alleges that "the State failed to meet its burden by introducing evidence of the Petitioner's guilt beyond a reasonable doubt" and that the testimony of the covert witness was "legally insufficient to sustain a conviction." (D.E. 1, at 7-8).[3]

**1.     Standard of Review Pursuant to <u>Jackson v. Virginia</u>.**

The Due Process Clause of the Fourteenth Amendment requires that there be "proof beyond a reasonable doubt of every fact necessary to constitute the crime with which [the defendant] is charged." <u>In re Winship</u>, 397 U.S. 358, 364 (1970). When a court reviews a state conviction in a federal habeas corpus proceeding, which involves a claim that petitioner's conviction is based on insufficient evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the

---

[3] Respondent notes that petitioner's federal habeas petition mirrors his state appeal. (D.E. 11, at 6 n.2). In his state appeal, petitioner raised claims of both factual and legal insufficiency. <u>Id.</u> In addition, he argues factual sufficiency versus legal sufficiency in his response to respondent's Answer. Texas law draws a distinction between factual insufficiency and legal insufficiency. <u>Clewis v. State</u>, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). In Texas state courts, legal insufficiency is tested under the Supreme Court's standard of <u>Jackson v. Virginia</u>, 443 U.S. 307 (1979), and factual insufficiency is tested under Texas' more stringent appellate review of fact questions. <u>Clewis</u>, 922 S.W.2d at 129. Because petitioner is only entitled to federal habeas relief if the Court finds that the state court ruling contradicts or unreasonably applies Supreme Court authority, it is respectfully recommended that to the extent he claims factual insufficiency in his federal petition for habeas relief, his claim is without merit.

essential elements of the crime beyond a reasonable doubt."  Jackson, 443 U.S. at

319 (emphasis in original) (citation omitted).  "[I]n a challenge to a state criminal

conviction brought under 28 U.S.C. § 2254 ... the applicant is entitled to federal

habeas corpus relief if it is found that upon the record evidence adduced at trial no

rational trier of fact could have found proof of guilt beyond a reasonable doubt."

Id. at 323; accord Ramirez v. Dretke, 398 F.3d 691, 694-95 (5th Cir. 2005),

Aguilar v. Dretke, 428 F.3d 526, 534-35 (5th Cir.), cert. denied, 126 S. Ct. 51

(2005).

In examining the evidence in a light most favorable to the verdict, this Court

must "apply this standard looking to the state's substantive law, giving great

weight to the state court's determination."  Miller v. Johnson, 200 F.3d 274, 286

(5th Cir. 2000) (citing Foy v. Donnelly, 959 F.2d 1307, 1313-14 (5th Cir. 1992)).

## 2.     Petitioner's Claim of Insufficient Evidence Lacks Merit.

Petitioner claims that "[t]he only evidence that connected the Petitioner to

the alleged offense was the uncorroborated testimony of the covert witness."  (D.E.

1, at 9).   He argues that such evidence is insufficient to support his conviction.  Id.

Texas courts have found that the requirement that accomplice witness testimony be

corroborated "is satisfied if there is some corroborative evidence that tends to

connect the accused to the commission of the offense alleged in the indictment."

Campos v. State, slip op. at *2 (citing Gill v. State, 873 S.W.2d 45, 48 (Tex. Crim. App. 1994)).  This Court is to give great weight to the state court's determination of its substantive law.  See Miller, 200 F.3d at 286 (citation omitted).

At petitioner's trial, the accomplice witness testimony of the undercover informant, Lila Garcia, was corroborated by the testimony of Chief Deputy Edward D. Hons and Captain Danny Madrigal.  3 R.R. 36, 77, 187.  "All credibility determinations and reasonable inferences are to be resolved in favor of the jury's verdict."  United States v. Nguyen, 28 F.3d 477, 480 (5th Cir. 1994) (citing United States v. Ruiz, 987 F.2d 243, 249 (5th Cir. 1993)).  The jury found the officers' testimony, in combination with Ms. Garcia's testimony, to be credible, and petitioner has presented no reason why the jury's determination and the state court's affirmation of that determination should not be given deference.  He has failed to present a compelling argument that the state habeas court's denial of his claim was a contradictory or unreasonable application of the standard set forth in Jackson v. Virginia.

Petitioner alleges that the informant's testimony was uncorroborated.  (D.E. 1, at 7).  However, in his state application for habeas relief, he included a section entitled "The Other Evidence," which included nearly two pages summarizing Chief Deputy Hons' and Captain Madrigal's testimony.  Ex parte Campos, App.

No. WR-62,336-01, at 21-22.  Moreover, his claim is unfounded because Texas courts allow an accomplice witness's testimony to be corroborated by additional testimony.

Petitioner's claims of insufficient evidence fail to overcome the presumption of correctness to which the state court's findings are entitled.  Thus, it is respectfully recommended that petitioner's claims regarding insufficient evidence lack merit and fail to state a claim for federal habeas relief.

**C.      Petitioner's Claims of Ineffective Assistance of Counsel.**

Petitioner claims that both his trial and appellate counsel delivered ineffective assistance.  (D.E. 1, at 7-8).  Specifically, he alleges that his trial counsel failed to object to improper testimony, inadmissible evidence, and improper statements by the prosecutor.  Id.  He also asserts that his trial counsel failed to call witnesses, failed to effectively cross-examine the state's witnesses, and failed to adequately investigate his case.  Id.  He further claims that his appellate counsel erred by not raising the same points of error he has raised in his state application for habeas corpus and in this habeas petition.  Id.  Petitioner did not specifically elaborate on any of his ineffective assistance of counsel claims in his federal habeas petition.  However, in his response to respondent's Answer, he incorporates his state habeas application and its claims.  (D.E. 15, at 4).

16

## 1.    Standard of Review Pursuant to <u>Strickland v. Washington</u>.

The Fifth Circuit has determined that "under AEDPA a state court decision rejecting a *Strickland* claim must be accepted unless it was an unreasonable application of its teaching." <u>Granados v. Quarterman</u>, 455 F.3d 529, 534 (5th Cir.), <u>cert.</u> <u>denied</u>, 127 S. Ct. 732 (2006).  To prevail on a claim of ineffective assistance of counsel, a state prisoner seeking federal habeas corpus relief bears the burden of showing that: (1) counsel's performance was deficient, and (2) that the deficient performance resulted in actual prejudice.  <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).  In order to show counsel's performance was deficient, petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." <u>Id.</u>  He must demonstrate that counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional standards.  <u>See</u> <u>Little v. Johnson</u>, 162 F.3d 855, 860 (5th Cir. 1998).

Counsel's challenged conduct should be evaluated from the perspective of counsel at the time the conduct occurred.  <u>Strickland</u>, 466 U.S. at 690.  Due to the difficulties inherent in engaging in this analysis without being tainted by "the distorting effects of hindsight," a court's review should be highly deferential to counsel.  <u>Id.</u> at 689.  The reviewing court must give great deference to counsel's

performance, strongly presuming that counsel has exercised reasonable professional judgment.  Id. at 690; see also Romero v. Lynaugh, 884 F.2d 871, 876 (5th Cir. 1989) (there is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance).

The Fifth Circuit has explained that due to "the almost infinite variety of possible trial techniques and tactics available to counsel, this Circuit is careful not to second guess legitimate strategic choices."  Yohey v. Collins, 985 F.2d 222, 228 (5th Cir. 1993).  In addition, "[a] conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness."  Johnson v. Dretke, 394 F.3d 332, 337 (5th Cir. 2004) (citations omitted).  However, a reviewing court need not consider the deficiency prong if it concludes that petitioner has failed to show actual prejudice.  Strickland, 466 U.S. at 697; Amos v. Scott, 61 F.3d 333, 348 (5th Cir. 1995).

Under the second prong of the Strickland two-part test, petitioner may not simply allege, but must affirmatively prove actual prejudice, resulting from the ineffective assistance of counsel.  Strickland, 466 U.S. at 693.  Thus, he must affirmatively show that his counsel's actions deprived him of a fair trial.  See Czere v. Butler, 833 F.2d 59, 63-64 (5th Cir. 1987).  Prejudice results when "there

is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland, 466 U.S. at 694; see also Lockhart v. Fretwell, 506 U.S. 364, 372 (1993) (habeas petitioner must show that the trial result was unreliable, or the proceeding was fundamentally unfair due to counsel's deficient performance).

Petitioner has the burden of proof under the Strickland test. See Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) (holding burden of proof is on petitioner in a federal habeas proceeding). He must establish "actual prejudice as a result of his counsel's ineffectiveness." Moody v. Johnson, 139 F.3d 477, 482 (5th Cir. 1998) (citations omitted). In addition, conclusory allegations of ineffective assistance of counsel do not give rise to a constitutional claim for federal habeas relief. See Miller, 200 F.3d at 282 ("Because [petitioner] failed to set forth the nature of *any* of the errors trial counsel purportedly failed to preserve and did not assert any resulting prejudice, the district court properly determined that these three claims of ineffective assistance were conclusory."). The Fifth Circuit has further held that "'[i]n the absence of a specific showing of how these alleged errors and omissions were constitutionally deficient, and how they prejudiced [petitioner], ... we [can find] no merit to these [claims].'" Id. at 282 (quoting Barnard v. Collins, 958 F.2d 634, 642 (5th Cir. 1992)).

19

Finally, in order to prove that he is entitled to federal habeas relief due to ineffective assistance of counsel, petitioner must overcome the presumption of correctness to which the state court's findings are entitled.  See Schaetzle v. Cockrell, 343 F.3d 440, 444 (5th Cir. 2003) ("It bears repeating that the test for federal habeas purposes is *not* whether [petitioner made a showing under *Strickland*, but] ... whether the state court's decision-that [the petitioner] did *not* make the *Strickland*-showing-was contrary to, or an unreasonable application of, the standards, provided by the clearly established federal law (*Strickland*), for succeeding on his IAC claim.").

### 2. Petitioner's Claims of Ineffective Assistance of Trial Counsel.

### a. Counsel's Failure to Object to Improper Testimony.

Petitioner alleges that his trial counsel failed to object to improper testimony.  (D.E. 1, at 7).  Although petitioner does not elaborate on this claim in his federal habeas petition, the claim was brought forth in his state habeas application.  Ex parte Campos, App. No. WR-62,336-01, at 26.

During petitioner's trial, the judge refused to allow the prosecutor to admit the audiotape that was made by police during the investigation, and stated "that's one of the sorriest tapes I believe I've ever heard."  3 R.R. 71.  The record reflects that petitioner's counsel objected to the prosecutor's attempts to admit the contents

of the recording through hearsay testimony.  Id. at 66-86.  The judge sustained

counsel's objections to hearsay.  Id.  However, petitioner complains that his

counsel failed to object to Officer Hons' identification of petitioner's voice as the

one on the tape.  Ex parte Campos, App. No. WR-62,336-01, at 26.

During the trial, the following exchange occurred regarding the voice on the

tape:

> Q.     Okay, now when -- when she made contact, were
> you able to hear the person she made contact with?
>
> MR. GARZA:  [Petitioner's trial counsel]  Excuse
> me, Your Honor.  That's hearsay now.
>
> MR. BELLOWS:  [Petitioner's trial counsel]
> We're going to object for the previous reason.
>
> MR. GARZA:  They're trying to get in through the
> back door now.
>
> THE COURT:  He can testify that he – he heard
> something.  I'm not going to let him identify anyone.  So
> if there's an objection, I'll overrule the objection to the
> question she just asked.
> ...
> THE WITNESS:  Yes.
>
> Q.     And could you – did you recognize the voice of
> the person?
>
> MR. BELLOWS:  Your Honor, we're going to
> object as to the question.  The Court has made a previous
> ruling on that.  I think she's asked if he could identify it;
> he said he could.

       THE COURT:  Okay.

       MR. BELLOWS:  We're objecting to the identification.

       THE COURT:  I'm going to sustain the objection, Ms. Warner.
...
Q.    Okay, now how long have you known the Defendant, Leo Campos?

A.    Over 20 years.

Q.    You recognized his voice?

A.    Yes, I did.

3 R.R. 80, 84.

Texas courts have long allowed witnesses to identify a defendant's voice during criminal trials.  See, e.g., Norton v. State, 564 S.W.2d 714, 717 (Tex. Crim. App. 1978) ("Voice is a competent means of identification if the witness had any previous acquaintance with the person identified.  It is sufficient that the witness has heard such person's voice but once previous to the time in question.");  Waggoner v. State, 98 S.W. 255, 258 (Tex. Crim. App. 1906) ("[W]e think it permissible for the witness to identify a person by his voice.").  Rule 801(e)(1)(C) of the Texas Rules of Evidence allows the "identification of a person made after perceiving the person."  Furthermore, the Supreme Court has established that identification testimony is constitutionally admissible so long as it is reliable.  See

22

Manson v. Brathwaite, 432 U.S. 98, 114 (1977).  "'Counsel can both cross-examine the identification witnesses and argue in summation as to factors casting doubts as to the accuracy of the identification,'" but identification testimony itself does not violate a defendant's constitutional right to due process.  See id. at 113 n.14 (quoting Clemons v. United States, 408 F.2d 1230, 1251 (D.C. Cir. 1968) (concurring opinion)).

A petitioner is not entitled to federal habeas relief based on his counsel's failure to object if the evidence in question is admissible and not unconstitutional, and thus there is no likelihood that counsel's failure to object would have caused a different result at trial.  See Burnett v. Collins, 982 F.2d 922, 929-30 (5th Cir. 1993).  Petitioner has failed to present any reason why this Court should find that the state court's resolution of this claim in his state habeas application was contrary to, or an unreasonable application of the applicable federal law.  Indeed, Officer Hons' identification of petitioner's voice did not violate either Texas law, or the Constitution.

It is respectfully recommended that petitioner's claim for habeas relief on the basis that his trial counsel failed to object to improper testimony is without merit.

### b.   Counsel's Failure to Object to Inadmissible Evidence.

Petitioner does not state in his federal habeas petition what evidence he believes was admitted that was inadmissible, but in his state habeas application, argued that his counsel "fail[ed] to make a timely objection to state's exhibit number 11." Ex parte Campos, App. No. WR-62,336-01, at 18; see also 8 R.R. at Ex. 11 (the booking report). The booking report listed prior citations for failure to maintain proof of auto insurance and speeding, and also mentioned that petitioner was a parole violator. Id.

Petitioner's claim that his trial counsel failed to object to the report is contradicted by the record, which shows that counsel did object on the grounds that the report contained extraneous material that was prejudicial and irrelevant, and that the objection was overruled. 4 R.R. 83. Furthermore, although defense counsel objected to the admission of the extraneous material in the report, counsel used the report in support of petitioner's defense. The date on the report, showing when petitioner was incarcerated, was used to refute the confidential informant's allegation that petitioner threatened her. Id. at 79.

Petitioner has the burden of showing that his counsel's strategic decision to use the booking report was not only constitutionally deficient, but caused him actual prejudice. See Carter, 131 F.3d at 463. Petitioner has shown neither. It is

24

unlikely that knowledge of petitioner's traffic violations unfairly prejudiced the jury, and petitioner has presented no evidence to suggest that use of the report resulted in actual prejudice.

It is respectfully recommended that petitioner's claim that he is entitled to federal habeas relief because his trial counsel failed to object to inadmissible evidence is without merit.

### c.    Counsel's Failure to Call Defense Witnesses and Effectively Cross-Examine State Witnesses.

Petitioner alleges that his trial counsel failed to call material witnesses. (D.E. 1, at 7).  In his state habeas application, he asserted that his "attorneys failed to subpoena any potential expert witnesses to testify about the proper way to conduct a complete and thorough body search and the proper way to conduct a complete and thorough search of a vehicle for drugs."  Ex parte Campos, App. No. WR-62, 336-01, at 30.  He claims that the confidential informant was not searched properly, and that she could have had the drugs that were purportedly delivered to her by petitioner hidden in her vehicle or on her person.  Id.  He argues that his "counsel was further deficient in failing to demonstrate through cross examination that the 'body search' performed on Garcia was incomplete."  Id.

Petitioner has not presented any affidavits or other evidence to support his argument that an expert would have testified that the searches performed on the

confidential informant's person and vehicle were insufficient.  "'Hypothetical or theoretical' testimony will not justify the issuance of a writ...."  Martin v. McCotter, 796 F.2d 813, 819 (5th Cir. 1986).  Furthermore, "'the presentation of testimonial evidence is a matter of trial strategy and ... allegations of what a witness would have testified are largely speculative.'"  Coble v. Dretke, 444 F.3d 345, 350 (5th Cir. 2006) (citations omitted).  Finally, "[c]omplaints about uncalled witnesses are not favored."  Id.  Petitioner has presented nothing to suggest that his counsel's decision not to call an expert to testify about the manner of the searches was not a legitimate trial strategy, or even that such an expert could be found.  Without more, his conclusory allegation does not prove deficient performance or actual prejudice, and does not give rise to a claim for habeas relief.  See Czere, 833 F.2d at 63-64; see also Miller, 200 F.3d at 282.

Similarly, petitioner has failed to present evidence that his counsel's failure to cross-examine the state's witnesses regarding the body search of the confidential informant was ineffective assistance, and that a cross-examination would have rendered valuable information.  He has not shown that his counsel's strategic decision not to cross-examine the state witnesses regarding search methods fell below an objective standard of reasonable assistance.  See Hughes v. Dretke, 412 F.3d 582, 589 (5th Cir. 2005) (citations omitted) (stating that to satisfy first prong

of <u>Strickland</u>, "a petitioner must demonstrate that counsel's performance 'fell below an objective standard of reasonableness.'").

Petitioner also argues that his counsel should have lessened the credibility of the officers by cross-examining them regarding the address listed on his booking report. <u>Ex parte Campos</u>, App. No. WR-62, 336-01, at 29. The report listed an incorrect address. 8 R.R. at Ex. 11. The correct street was noted on the booking report, but an incorrect house number was listed. <u>Id.</u> The Fifth Circuit has held that petitioner's "desire to have a specific defense theory presented does not amount to ineffective assistance on federal habeas review." <u>Coble</u>, 444 F.3d at 352 (addressing the petitioner's claim that counsel ineffectively cross-examined the state's witnesses). Petitioner is challenging his trial counsel's overall strategy, to which this Court must give deference, and has not presented any reason why the state court's decision on this claim was unreasonable. <u>See</u> <u>id.</u>

Petitioner has failed to demonstrate that his trial counsel rendered ineffective assistance by failing to call witnesses, or failing to effectively cross-examine the state's witnesses. Furthermore, he has wholly failed to show how the state court's adjudication of these claims was contrary to or an unreasonable application of Supreme Court authority. Therefore, it is respectfully recommended that petitioner's claims that he received ineffective assistance of counsel because

counsel did not call witnesses or effectively cross-examine witnesses are without merit.

### d.     Counsel's Failure to Object to Improper Statements.

Petitioner also states that counsel failed to object to the prosecutor's improper statements.  (D.E. 1, at 7).  In his state habeas application, petitioner complained of the following exchange between his attorney and the prosecutor:

> MS. WARNER:  I have – now, I've never been in court with [petitioner's counsel] before, other than to have him argue some motions, but I know – I told you in the beginning, in voir dire, that this wasn't a TV show.  But I've seen [him] perform in – in his suppression motions before, and he's really very good, very entertaining.  So I'm going to sit down and let him entertain you a little bit, and then I'll be able to get up and talk to you a little bit more.  Thank you.

> MR. GARZA:  After that introduction, I don't know whether you should applaud me or run me out of the courtroom.  And the name is Garza.  And it just – no offense to you.

5 R.R. 29-30.  Petitioner's trial counsel did not find the prosecutor's characterization of him objectionable.  Counsel's chosen strategy of responding to the prosecutor's statement, rather than objecting, is not a strategy "so ill chosen that it permeate[d] the entire trial with obvious unfairness."  Johnson, 394 F.3d at 337.  Indeed, counsel chose to answer the prosecutor's tongue-in-cheek comments with his own banter.

Petitioner fails to show that any prejudice resulted from the actions of his counsel, or that counsel's performance was deficient. He has also failed to show how the state court's resolution of this claim contradicted applicable Supreme Court precedent or was unreasonable.

It is respectfully recommended that petitioner's claim that counsel failed to object to improper statements made by the prosecutor is without merit.

### e.    Counsel's Failure to Properly Investigate the Case.

Finally, petitioner claims that his trial counsel was ineffective because he did not properly investigate his case. (D.E. 1, at 7). However, he does not state what counsel's investigation should have revealed about his case. "A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1999) (citation omitted). Petitioner has merely provided the Court with a conclusory allegation that counsel failed to investigate his case, and such a conclusory allegation cannot support a claim for habeas relief. See Miller, 200 F.3d at 282. His statement that counsel did not properly investigate his case also does not overcome the presumption of correctness to which the state court's findings are entitled, and does not give reason to believe that the state court's

29

actions were an improper application of the law or unreasonable.  Thus, it is respectfully recommended that petitioner's claim that counsel rendered ineffective assistance by failing to properly investigate the case is conclusory and without merit.

**3.     Petitioner's Claim of Ineffective Assistance of Appellate Counsel.**

The Supreme Court has explained that "the proper standard for evaluating [a petitioner's] claim that appellate counsel was ineffective ... is that enunciated in Strickland."  Smith v. Robbins, 528 U.S. 259, 285 (2000) (citing Smith v. Murray, 477 U.S. 527, 535-36 (1986)).  Therefore, petitioner must show that his counsel's performance was deficient, and that such deficiency resulted in actual prejudice. Strickland, 466 U.S. at 687; United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999) (citation omitted).  In addition, he must overcome the presumption of correctness to which the state court's findings are entitled.  See Schaetzle, 343 F.3d at 444.

Petitioner claims that his appellate counsel rendered ineffective assistance by not raising all of the issues that he is raising in his habeas petition in his direct appeal.  (D.E. 1, at 8).  Appellate "[c]ounsel need not raise every nonfrivolous ground of appeal, but should instead present '[s]olid, meritorious arguments based on directly controlling precedent.'"  Id. at 445 (quoting Williamson, 183 F.3d at

463).

Petitioner's appellate counsel did raise the issue of insufficient evidence in his direct appeal.  See Campos v. State, slip op., at *2.  Although his counsel did not raise the issue of prosecutorial misconduct, the prosecutor did not engage in misconduct, and thus such an argument would have been frivolous.  Petitioner also claims that his appellate counsel should have raised the issue of ineffective assistance of trial counsel, but this claim would also have been without merit.

Furthermore, the Texas Court of Criminal Appeals denied his state habeas claims, which are the same claims that he argues should have been asserted in his appellate brief.  Ex parte Campos, App. No. WR-62,336-01, at cover; (D.E. 1, at 8).  Therefore, petitioner cannot show that any prejudice resulted from his counsel's failure to argue the points that he raises in his habeas petition.  See Vega v. Johnson, 149 F.3d 354, 362 (5th Cir. 1998) (the Texas Court of Criminal Appeals' finding that an issue was without merit demonstrates that "counsel could hardly have committed an egregious error in failing to make the argument").

It is respectfully recommended that petitioner's claim that he received ineffective assistance of appellate counsel is without merit.

**D.      Petitioner's Claim of Prosecutorial Misconduct.**

Petitioner claims that his right to due process was violated because the prosecutor "failed and refused to refrain from improper questioning and consistently violated the granting of a Motion in limine."  (D.E. 1, at 7).

**1.      Standard of Review for Prosecutorial Misconduct.**

The Supreme "Court has recognized that prosecutorial misconduct may 'so infec[t] the trial with unfairness as to make the resulting conviction a denial of due process.'"  Greer v. Miller, 483 U.S. 756, 765 (1987) (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974)).  In order for prosecutorial misconduct to result in a constitutional violation that establishes a habeas claim, "the prosecutorial misconduct must be 'of sufficient significance to result in the denial of the defendant's right to a fair trial.'"  Id. (quoting United States v. Bagley, 473 U.S. 667, 676 (1985)).  In determining whether the defendant has been denied a fair trial, the prosecutor's remarks or questions must be placed in the context of the entire trial, along with counsel's objections and any curative instructions given by the judge.  See id. at 766-67 (citations omitted).

A petitioner "must show that the actions of the prosecutor so infected the trial with unfairness as to make the resulting conviction a denial of due process." Kutzner v. Johnson, 242 F.3d 605, 609 (5th Cir. 2001) (citations omitted).  Three

32

factors are to be considered in addressing a claim of prosecutorial misconduct: "1) the magnitude of the prejudicial effect of the remarks; 2) the efficacy of any cautionary instruction given by the judge; and 3) the strength of the evidence supporting the conviction." Styron v. Johnson, 262 F.3d 438, 449 (5th Cir. 2001) (citation omitted). Improper prosecutorial comments only require reversal if they "substantially affect the defendant's right to a fair trial." Id. (citation omitted). "'The determinative question in such an inquiry is 'whether the prosecutor's remarks cast serious doubt on the correctness of the jury's verdict.''" United States v. Guidry, 456 F.3d 493, 505 (5th Cir. 2006) (citation omitted), cert. denied, __ S. Ct. __, 2007 WL 37074 (Jan. 8, 2007).

### 2. Petitioner's Claim of Misconduct by the Prosecutor Lacks Merit.

Petitioner claims that the prosecutor engaged in improper questioning and violated a motion in limine. (D.E. 1, at 7). The record reveals that defendant's counsel presented a motion in limine regarding the state's audio recording of the incident that led to petitioner's conviction and the drugs confiscated by the state. 2 R.R. 4. Defendant's motion in limine requested that the court instruct the state not to display the tape or audio equipment or the controlled substance, and also that the prosecutor refrain from mentioning the audiotape until it had been proven to be admissible. Id. at 6. The trial judge did not grant defendant's request that the jury

not be able to see the audiotape before the court determined whether it was

admissible, or his request that the tape not be discussed, but did instruct counsel

that the <u>content</u> of the tape was not to be presented to the jury before the court

ruled on its admissibility.  <u>Id.</u> at 6-9.

During the trial, a hearing was held <u>out of the presence of the jury</u> regarding

the admissibility of the content of the recording.  3 R.R. 61.  The judge did not

allow the prosecutor to play the tape because it was of poor quality, or to introduce

hearsay from the tape.  <u>Id.</u> at 71-75.  Therefore, the content of the recording was

never admitted at trial.  Instead, the discussion at trial of the fact that a recording

was made served to bolster the testimony of the confidential informant and officers

by allowing the jury to hear how the officers conducted the investigation.  The

prosecutor was also permitted to introduce testimony that Chief Deputy Hons

recognized petitioner's voice on the recording.  <u>Id.</u> at 84.  Throughout the trial

proceedings involving the admissibility of the recording and the content of the

tape, defendant's trial counsel objected and obtained rulings and instructions from

the court.  <u>Id.</u> at 66-86.

The record does not support petitioner's claim that the prosecutor engaged in

misconduct, or violated the judge's rulings regarding the admissibility of the

recording.  Moreover, the prosecutor's questioning, although persistent, did not

infect the trial with unfairness that denied petitioner due process.  Throughout the

trial, the prosecutor's questions were followed by objections from petitioner's

counsel and rulings from the judge, which greatly limited any prejudicial effect

that prosecutor's attempts to elicit the content of the recording may have had on the

jury.  "[T]he adversary system permits the prosecutor to 'prosecute with

earnestness and vigor.'"  United States v. Young, 470 U.S. 1, 7 (1985) (quoting

Berger v. United States, 295 U.S. 78, 88 (1935)).  Furthermore, "[w]e normally

presume that a jury will follow an instruction to disregard inadmissible evidence

inadvertently presented to it, unless there is an 'overwhelming probability' that the

jury will be unable to follow the court's instructions."  Greer, 483 U.S. at 766 n.8

(citation omitted).  Petitioner has presented nothing to suggest that the prosecutor's

questions unfairly influenced the jury's verdict, or that the jury was unable to

follow the judge's instructions.  In addition, the evidence adduced at trial strongly

supports petitioner's conviction.  Petitioner has not presented any reason why the

state court's rejection of his claim of prosecutorial misconduct in his state habeas

application was contradictory to or an unreasonable application of the standard

articulated by the Supreme Court.

It is respectfully recommended that the prosecutor did not engage in any

misconduct of sufficient significance to deny petitioner of a fair trial.  Therefore, it

is respectfully recommended that petitioner's claim for federal habeas relief on the basis of prosecutorial misconduct is without merit.

## VII.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may sua sponte rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  To warrant a grant of the certificate as to

claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further.  United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483).

As to claims that a district court rejects solely on procedural grounds, a petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Here, it is respectfully recommended that reasonable jurists could not debate the denial of petitioner's § 2254 petition on substantive or procedural grounds nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484).  Accordingly, it is respectfully recommended that the Court find that petitioner is not entitled to a certificate of appealability as to his claims.

## VIII.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that respondent's motion for summary judgment, (D.E. 16), be granted, and that petitioner's petition for writ of habeas corpus be dismissed with prejudice.  It is further respectfully recommended that petitioner be denied a certificate of appealability.

Respectfully submitted this 23rd day of January 2007.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 8(b) of the Rules Governing § 2254 Cases; Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).